**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**
**IN ADMIRALTY**

IN THE MATTER OF:

                                    Case No. 4:14-cv-10085-KING

COMPLAINT OF SUNSET WAVERUNNER
TOURS, INC., For Exoneration from
or Limitation of Liability as the owner
of the unnamed 2012 Yamaha Waverunner
Identification No. YAMA2737C212,
her engine, tackle, appurtenances, etc.
_____/

## AMENDED VERIFIED COMPLAINT FOR EXONERATION
## FROM OR FOR LIMITATION OF LIABILTY

      Petitioner, SUNSET WAVE RUNNER TOURS, INC. ("SUNSET WAVERUNNER

TOURS"), as the owner of the unnamed 2012 Yamaha Waverunner, Hull Identification Number

YAMA2737C212 , her engine, tackle, appurtenances, etc. (also referred to as "Motor Vessel"

herein) brings forth this action for Exoneration from or for Limitation of Liability, pursuant to 46

U.S.C. § 30501-30512, and the admiralty jurisdiction of this Court pursuant to Supplement Rule

F and Local Admiralty Rule F, and allege:

      1.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §

1333 *et. seq.*

      2.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure.

      3.      The events, acts and circumstances giving rise to this action all occurred on the

navigable waters of the United States during a traditional maritime activity.

      4.      Petitioners seek to claim and invoke the rights, privileges, remedies and

procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.*

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

5.      At all times material hereto, SUNSET WAVERUNNER TOURS, was the owner of an unnamed 2012 Yamaha Waverunner VX, Hull Identification Number YAMA2737C212, including her engine, tackle, appurtenances, etc.

6.      At all times material hereto, the Motor Vessel is and has been located in Monroe County, State of Florida within the United States District for the Southern District of Florida.

7.      SUNSET WAVERUNNER TOURS is a corporation organized under the laws of the State of Florida, with its principal place of business in the State of Florida., and was, at all times material to this action, the owner of the Motor Vessel within the meaning and intent of 46 U.S.C. § 30501.

8.      At all times material to this action, SUNSET WAVERUNNER TOURS' exercised due diligence to make the vessel in all respects seaworthy, properly equipped, fitted and supplied with a suitable engine, machinery, tackle, apparel, appliances, and safety equipment, all in good order and condition and suitable for the operations in which she was engaged.

9.      At the time of the subject incident and at all times material prior to the underlying incident, the Motor Vessel was, in all respects, seaworthy and properly manned, equipped and supplied with suitable engines, machinery, apparel, appliances, personnel, and other appropriate and necessary equipment, all in good order and condition and suitable for their intended operations.

10.      On or about May 13, 2014, ROHAN SHAH ("SHAH"), believed to be a resident of Michigan, rented the above mentioned 2012 Yamaha Wave Runner vessel from the Petitioner, subject to the terms and conditions of the Petitioner's Bare Boat Lease Rental Contract attached hereto as Exhibit "A." The subject voyage began on May 13, 2014 and ended on May 13, 2014.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

11.     On May 13, 2014, SHAH was solely operating the subject Vessel during a guided tour on the navigable waters of the United States on the Boca Chica Channel near Key Haven at Stock Island, Key West, Florida.  During the course of this voyage, SHAH allegedly fell off her jet ski into the water and suffered personal injuries to her leg and/or knee for which it is believed she will claim damages from Petitioner.   There was no damage to the subject vessel.  The incident and any and all damages, injuries and losses were due solely to and caused by the fault, neglect and want of care on the part of SHAH, in whose exclusive and complete control the vessels were at all pertinent times described above, which will be proved at the trial of this action.

12.     The injuries suffered by SHAH were not caused or contributed to by any fault, neglect, or lack of care on the part of SUNSET WAVERUNNER TOURS or the Motor Vessel, her owner, employees, agents, officers, crew, or any others for whom SUNSET WAVERUNNER TOURS was or is responsible, but on the contrary were caused solely by the fault and neglect of parties for whose actions Petitioner is not responsible and/or by conditions beyond Petitioner's control and actual or constructive knowledge, actual or imputed.

13.     At all times material, SUNSET WAVERUNNER TOURS was maintaining the Motor Vessel in a reasonable and prudent manner and it is not responsible or the sole cause of any alleged injuries suffered by SHAH.

14.     Upon information and belief, since the accident described above was occasioned and occurred without fault on the part of SUNSET WAVERUNNER TOURS, and without its privity or knowledge. SUNSET WAVERUNNER TOURS denies that it, the Motor Vessel, or any person or property for whom they may be responsible are liable to any extent in the premises and, in that regard, SUNSET WAVERUNNER TOURS claims Exoneration from Liability for all

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

claims, damages and destruction done, occasioned or incurred by any reason of the matters aforesaid.

15.     In the alternative, and without admitting liability, SUNSET WAVERUNNER TOURS  avers that in the event SUNSET WAVERUNNER TOURS  or the Motor Vessel should be held responsible to any parties by reason of the matters aforesaid, SUNSET WAVERUNNER TOURS claims the benefit of the Limitation of Liability as provided for in 46 U.S.C. § 30501 – 30512.

16.     The alleged injuries that occurred aboard the Motor Vessel, and any consequent or subsequent loss, damage or injury to any person resultant therefrom, were not caused or contributed to by any fault, neglect, want of care or design on the part of SUNSET WAVERUNNER TOURS, its agents, principals, servants, employees or anyone from whom SUNSET WAVERUNNER TOURS  may be legally responsible, and the action or inaction on the part of SUNSET WAVERUNNER TOURS , its agents, principals, servants, employees or anyone from whom SUNSET WAVERUNNER TOURS  may be legally responsible did not cause or contribute in any way to any alleged injury, loss or damage sustained by any person, vessel or other claimant.

17.     SUNSET WAVERUNNER TOURS, on information and belief, anticipates that there will be claims asserted against SUNSET WAVERUNNER TOURS or the Motor Vessel by individuals for damage, injury or other claims as a result of the subject incident on May 13, 2014.

18.     No actions or proceedings are pending with respect to any claim. This Complaint was filed within six months from the date SUNSET WAVERUNNER TOURS received the first notice of claim from any claimant following the aforesaid loss and/or injuries.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

19.     SUNSET WAVERUNNER TOURS  avers the amount of these claims that may be brought against SUNSET WAVERUNNER TOURS  will far exceed the residual value of its interest in the vessel, which is $6,000.00 and there is no freight pending.

20.     SUNSET WAVERUNNER TOURS  claims the benefits of the provisions of §§ 30501 *et req.* of Title 46, United States Code, and Supplemental Rule F, Federal Rules of Civil Procedure, in this procedure by reason and facts and circumstances set forth above.  SUNSET WAVERUNNER TOURS further desires to contest its liability and the liability of the Motor Vessel, to any extent whatsoever for any and all loss, destruction, damage, death and injury caused by or resulting from the incident described above, and to be exonerated from all liability.

21.     In the event that the Court determines there was negligence in the operation and/or use of the Motor Vessel which contributed in any way to any alleged injury, loss or damage on the part of any person, vessel or the claimant, such negligence occurred wholly without the privity or knowledge of SUNSET WAVERUNNER TOURS, within the meaning of 46 U.S.C. § 30505, and without the privity or knowledge of SUNSET WAVERUNNER TOURS, its principles, superintendents or managing agents, within the meaning of 46 U.S.C. § 30506(e).

22.     The subject Vessel was purchased on December 28, 2012 in the amount of $8,000.00.  A copy of the Bill of Sale is attached as Exhibit "B". SUNSET WAVERUNNER TOURS avers the value of the Motor Vessel and its interests at the close of the voyage therein to be no more than Six Thousand Dollars ($6,000.00) as of November 6, 2014 as reflected in the Ad Interim Stipulation for Value previously filed with this Honorable Court and the previously filed Affidavit executed by marine surveyor, Mark T. Perkins, attesting to the value of the vessel

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

and its appurtenances at the end of the voyage, as well as the Amended Affidavit and detailed survey report prepared by Mark T. Perkins, which is attached as Composite Exhibit "C".

23.     SUNSET WAVERUNNER TOURS has deposited with the Court as security for the benefit of the claimants an Ad Interim Stipulation for Value, that sum not being less than the amount of value of SUNSET WAVE RUNNER TOURS's interest in the vessel at the end of the voyage which is $6,000.00 as set forth in the Original and Amended Affidavits of Mark T. Perkins and the full survey report. See Composite Exhibit "C".

24.     This Complaint was timely filed within six months of the date SUNSET WAVERUNNER TOURS received first notice of incident and/or the claim from any claimant following the aforesaid incident. Copies of the Complaint and all motions, notices and proposed Orders were sent to the Claimant via Certified Mail Return Receipt Requested.  A copy of the signed receipt is attached as Exhibit "D".    In addition, as requested by this Court, the Petitioner has made efforts to send a copy of the Order to the Claimant.  It was sent via Fed Ex (signature required) in order to expedite the delivery.  Attached as Exhibit "E" is a copy of the tracking information as of the date the Amended Complaint is filed.

25.     Petitioner reserves the right to amend and/or supplement the factual allegations of the Complaint to further specify such other fault and negligence and further facts surrounding the loss described as may later become known.

**WHEREFORE,** Petitioner, SUNSET WAVERUNNER TOURS, INC., respectfully requests:

1.     This Honorable Court enter an Order directing the issuance of a Monition to and enjoining all persons, firms, and corporations claiming damages for any and all losses, damages, injuries, deaths, or destruction done, occasioned, sustained or incurred by or resulting from the

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

accident described above and citing them to appear as directed in said Order and to make due proof of their respective claims and also to appear and answer the allegations of the Complaint, in accordance with the law and practices of the Honorable Court on or before a date certain and time to be fixed by Monition;

2.      This Honorable Court enter an injunction restraining the prosecution of any and all suits, actions, and proceedings already begun to recover damages arising out of, occasioned by or consequent upon the subject incident as set forth in this Complaint, and the commencement of prosecution thereafter of any suits, actions or legal proceedings of any nature or description, except in the present proceeding against SUNSET WAVERUNNER TOURS  and/or the Motor Vessel, in respect of any claims or claims arising out of the accident described above;

3.      This Honorable Court approve the Ad Interim Stipulation for Value which has been filed with the Court as security for the potential claims subject to the Claimant's right to challenge the security as permitted by Supplemental Rules and Local Admiralty Rules;

4.      This Court adjudge that SUNSET WAVERUNNER TOURS and/or the motor vessel is not liable to any extent for any loss, damage, injury or destruction of for any claims therefore in any way arising out of or resulting from the incident onboard the vessels or done occasioned or incurred on the voyage;

5.      The Court in this proceeding will adjudge that SUNSET WAVERUNNER TOURS and/or the Motor Vessel is not liable to any extent for loss, damage, injury or destruction or for any claim whatsoever in any way arising from or in consequence of the voyage; or if SUNSET WAVERUNNER TOURS shall be adjudged liable, then the liability be limited to the amount or value of SUNSET WAVERUNNER TOURS' interest in the Motor Vessel and that SUNSET WAVERUNNER TOURS be discharged from liability on the

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

surrender of their interest, and that the money surrendered, paid, or secured to be paid, be divided

pro rata according to the statutes mentioned above among the claimants as they may duly prove

and claim in accordance with the provisions of the order hereby requested, saving to all parties

any priorities to which they may be legally entitled, and that a decree may be entered discharging

SUNSET WAVE RUNNER TOURS  from all further liabilities;

      6.     That SUNSET WAVERUNNER TOURS receives such other and further relief as

the Justice of the cause may require.

      DATED this 2nd day of January, 2015.


<u>**CERTIFICATE OF SERVICE**</u>

      WE HEREBY CERTIFY that on the 2nd day of January, 2015, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing

document is being served this day on all individuals listed on the service list via Certified Mail

Return Receipt Requested.


      Respectfully submitted,

      COLE, SCOTT & KISSANE, P.A.
      Attorneys for Petitioner
      Dadeland Centre II – Suite 1400
      9150 South Dadeland Boulevard
      Miami, FL  33156
      Telephone: (305) 350-5300
      Facsimile: (305) 373-2294

      BY:   /s/ Melissa L. Button
          HENRY SALAS
          FBN: 815268
          Henry.Salas@csklegal.com
          MELISSA L. BUTTON
          FBN: 027557
          Melissa.Button@csklegal.com

## SERVICE LIST

Mrs. Rohan Shah
911 South Forest Avenue
Ann Arbor, MI  48104

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## VERIFICATION

The undersigned, RICH WELTER, Owner of Petitioner, SUNSET WAVERUNNER TOURS, INC. swears:

1.      My name is RICH WELTER. I am the owner of SUNSET WAVERUNNER TOURS, INC. I am sui juris, over the age of 18, and have personal knowledge of the facts set forth in this Complaint.

2.      Knowledge of the facts stated in this Amended Complaint is derived from review of documents generated by or in the possession of SUNSET WAVERUNNER TOURS, INC.

3.      I am authorized to make this verification on behalf of Petitioner and I confirm that the facts alleged in this Complaint are true and accurate to the best of my knowledge.

Dated this __2nd__ day of __January__, 20_15_.

_____
Owner, SUNSET WAVERUNNER TOURS, INC.

STATE OF __Florida__

COUNTY OF __Monroe__

Sworn to and subscribed before me this __2nd__ day of __January__, 20_15_ by __Rich Welter__, to me personally known (or who has produced _____ as identification), and who did take an oath.

_____
Notary Public, State of Florida
My Commission Expires

My Commission No.: _____



CATHY A SHIMP
MY COMMISSION # EE137841
EXPIRES October 15, 2015
(407) 398-0153     FloridaNotaryService.com

8